UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS RICHARD SCHMAZREID | § | |
| | § | |
| v. | § | C.A. NO. C-04-411 |
| MCWHORTER & CO., INC. and | § | |
| JACK P. SEXTON | § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| PROGRESSIVE COUNTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| | § | |
| v. | § | C.A. NO. C-04-640 |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY and HAAS-ANDERSON | § | |
| CONSTRUCTION | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO ENLARGE TIME

Pending is plaintiff Thomas Richard Schmazreid's Motion to Enlarge Time (D.E. 41), in which he moves for "an order to enlarge the time to designate expert witnesses to allow additional time [for plaintiff] to designate Stephen M. Horner, Ph.D., as an expert witness." The motion was referred to undersigned United States Magistrate Judge. For the following reasons and for the reasons set forth on the record during the May 4, 2005 telephonic hearing held on this motion, the motion is DENIED.

Under the Federal Rules of Civil Procedure:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Civ. P. 6(b)(2). In determining whether there is "excusable neglect," the following factors must be considered: (1) the danger of prejudice to the non-movant, (2) the length of delay and its

potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *See, e.g., Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993)).

Here, plaintiff has not met the excusable neglect standard. The Scheduling Order (D.E. 17) entered in this case set the deadline for designation of experts at February 1, 2005. By agreement of the parties, plaintiff's deadline to produce expert reports was extended to February 22, 2005. (D.E. 47, Ex. E). The plaintiff never raised the issue of an extension of time with the Court or with the defendant until the filing of his motion on April 18, 2005. Plaintiff avers that the need for an economic expert arose upon taking the deposition of Dr. Lee on February 17, 2005, yet he did not file this motion until April 18. Moreover, if the plaintiff were allowed to designate Horner, defendants would be prejudiced because there would not be sufficient time for the defendant to designate a rebuttal expert, depose the expert, and prepare for trial, which is currently set for July 11, 2005.

Accordingly, plaintiff's motion to enlarge time (D.E. 41) is denied..

ORDERED this 5th day of May, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

2